[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In 1974, F. Francis D'Addario leased two asphalt plants to Ashland Oil, the defendant, Tilcon Connecticut Inc.'s, predecessor in interest. In 1976, D'Addario conveyed fifty percent of his interest in the asphalt plants to spray trusts for his children.[1] Subsequently, D'Addario died and his remaining fifty percent interest passed to his estate. Thus, currently, half of the interest in the asphalt plants is held by D'Addario's estate and the other half is held in four separate trusts for his remaining children. The plaintiff, Stanley Ferber, is a trustee of Virginia D'Addario's spray trust, which owns a one-eighth interest in the asphalt plants.
The plaintiff has brought this action seeking specific performance pursuant to the original leases entered into by D'Addario and Ashland Oil. According to the original leases, after the initial term of twenty years, the lessee must renew the lease or purchase "the premises and structures and improvements located thereon." The plaintiff was willing to sell Virginia D'Addario's trust's share of the asphalt plants and the defendant was willing to purchase the plants. The majority of owners, however, were not willing to sell their seven-eighths interest in the plants and consequently renegotiated the leases with the defendant.
The plaintiff was not a party to the amended leases and is now asking the court to require the defendant to purchase her one-eighth interest in the plants pursuant to the original CT Page 5925 leases. The defendant does not want to purchase this limited interest and claims that the leases do not provide for the partial sale of the asphalt plants.
In support of her claim, the plaintiff relies upon the language of paragraphs sixteen and eighteen of the original leases which provide, in pertinent part, that "if lessee elects not to exercise its option to extend this lease in accordance with paragraph fifteen [seventeen] . . . lessee shall be obligated to purchase the Premises and the structures and improvements located thereon . . . ." The plaintiff argues that because the defendant renegotiated the lease, it elected not to exercise its option to extend the lease. Therefore, the plaintiff argues, the defendant is obligated to purchase the property. The defendant contends that this language does not require the lessee to purchase a fractional interest.
This case turns on whether the language contained in paragraphs sixteen and eighteen obliges the defendant to purchase a one-eighth interest in the plants. Specifically, the court must determine whether "the Premises and the structures and improvements located thereon" can be interpreted to mean one-eighth of the premises, one-eighth of the structures and one-eighth of the improvements, being a fractional share of the total premises.
"Where the parties have reduced their agreement to a writing, [the supreme court has] stated that the intent of the parties is to be ascertained by a fair and reasonable construction of the written words and that the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. Where the language is clear and unambiguous, the contract is to be given effect according to its terms." (Internal quotation marks omitted.) Konover Development Corp. v. Zeller, 228 Conn. 206,233, 635 A.2d 798 (1994).
The common, natural and ordinary meaning of "premises, structures and improvements" is the entire premises and all of the structures and improvements, and not a part or a fraction of them. Thus, the written words of the contracts demonstrate that the parties intended the sale of asphalt plants to be total and complete. Accordingly, because the leases do not oblige the lessee to purchase a fractional interest in the asphalt plants, the plaintiff's request for specific performance is denied. CT Page 5926
BY THE COURT
GROGINS, J.